UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| Ellen Bowker, by her guardian, Rose Bowker;  and Shane Parsons, by her guardians, John and Rebecca Parsons, | * * * * * |
| Plaintiffs | *   Civil Action No. |
| v. | * * |
| Big Al's Self-Storage, Inc. d/b/a Big Al's Super Values | * * * |
| and | * * |
| Allen S. Cohen, | * * |
| Defendants | * |

**PLAINTIFFS' COMPLAINT AND
DEMAND FOR JURY TRIAL
INJUNCTIVE RELIEF SOUGHT**

Plaintiffs, Ellen Bowker, by her guardian, Rose Bowker, and Shane Parsons, by her guardians, John and Rebecca Parsons, by and through counsel, hereby complain against Defendants as follows:

### JURISDICTION AND VENUE

1. This action arises pursuant to the Maine Human Rights Act ("MHRA"), 5 M.R.S.A. § 4551 et seq., and Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.

2. Plaintiffs are citizens of the United States and the State of Maine.  Ms.

Bowker resides in a community residential home in Bath, Maine.  Ms. Parsons resides in Durham, Maine with her parents.

3. Defendants are Allen Cohen, a resident of Boothbay Harbor, Maine, and Big Al's Self-Storage, Inc., d/b/a Big Al's Super Values, whose principal place of business is Boothbay, Maine and Wiscasset, Maine.

4. This Court has jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

5. The Court has supplemental subject matter jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the District of Maine pursuant to 28 U.S.C. § 1391(b)(2), as all the events or omissions giving rise to these claims occurred within this judicial district.

7. This Court has jurisdiction over this action for declaratory relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.  Injunctive relief is authorized by 28 U.S.C. § 2202, and Rule 65 of the Rules of Civil Procedure.

## PARTIES

### Plaintiff Ellen Bowker

8. Plaintiff Ellen Bowker is forty-four (44) years old.  She has been diagnosed with autism and intellectual disability (formerly known as mental retardation).

9. Ms. Bowker's mother, Rose Bowker, resides in Phippsburg, Maine, and has guardianship of Ms. Bowker.

10. At all material times, Ms. Bowker has had a physical disability and/or mental disability within the meaning of the MHRA, 5 M.R.S.A. § 4553-A.  Ms.

Bowker's disabilities, autism and intellectual disability, are per se disabilities under the MHRA. Her disabilities significantly restrict her physical and/or mental health and substantially limit her major life activities including but not limited to brain functions, communicating, thinking, caring for herself, and interacting with others. Due to her disabilities, she requires support services.

11. At all material times, Ms. Bowker had a physical and/or mental disability within the meaning of the ADA, 42 U.S.C. 12102(2) as amended. Ms. Bowker's above-described conditions are physical or mental impairments, and they substantially limit her major life activities including but not limited to brain functions, communicating, thinking, caring for herself, and interacting with others.

12. Ms. Bowker has a physical disability and/or mental disability, a record of a physical disability and/or mental disability and Defendants regarded her as having a physical disability and/or mental disability.

### Plaintiff Shane Parsons

13. Plaintiff Shane Parsons is twenty-eight (28) years old and resides with her parents, John and Rebecca Parsons, in Durham, Maine.

14. John and Rebecca Parsons have guardianship of Ms. Parsons. Ms. Parsons has been diagnosed with cerebral palsy, intellectual disability, deafness (she is deaf in her right ear and uses a hearing aid in her left ear) and blindness (she has limited vision but is legally blind).

15. Ms. Parsons graduated from the North Haven Community School where she required special education services.

16. At all material times, Ms. Parsons had a physical disability and/or mental disability within the meaning of the MHRA, 5 M.R.S.A. § 4553-A. Ms. Parson's above described conditions, including intellectual disability, cerebral palsy, deafness and blindness, are per se disabilities under the MHRA. They significantly restrict her physical and/or mental health and substantially limit her major life activities including but not limited to brain functions, thinking, seeing, hearing, walking, communicating, eating, caring for herself, and interacting with others.

17. At all material times, Ms. Parsons had a physical and/or mental disability within the meaning of the ADA, 42 U.S.C. 12102(2) as amended. Ms. Parsons' above-described conditions are physical or mental impairments, and they substantially limit her major life activities including but not limited to major bodily functions, including brain functions and neurological functions; thinking, seeing, hearing, walking, communicating, eating, caring for herself, and interacting with others.

18. Ms. Parsons has a physical disability and/or mental disability, a record of a physical disability and/or mental disability and Defendants regarded her as having a physical disability and/or mental disability, all within the meaning of both the MHRA and the ADA.

**Defendant Parties**

19. Defendant Big Al's Self-Storage, Inc., is a corporation with its principal place of business located at Route 27, Boothbay, Maine. Big Al's Self Storage, Inc., was first incorporated in 1989. The business includes a retail store, Big Al's Super Values, which is located in Wiscasset, Maine, and has been in operation for over twenty years.

20. Defendant Allen S. Cohen owns, operates and is the sole director of Big

Al's Self-Storage, Inc.

## JURY TRIAL DEMAND

21.     Pursuant to the Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues triable of right by jury.

## STATEMENT OF FACTS

22.     On March 3, 2010, Plaintiffs Ellen Bowker and Shane Parsons went to Big Al's Super Values ("Big Al's") in Wiscasset.   Also present were Ms. Thea Davis and Ms. Melissa Gallison, who provided assistance to plaintiffs, as well as another individual with an obvious disability.

23.     As the group entered Big Al's, Defendant Allen Cohen ("Cohen") stopped them at the door and asked who is in charge.  Ms. Davis acknowledged that she was in charge.  Mr. Cohen stated that he did not want more than one group of "those people" in the store at a time and there was already one group in the store.

24.     Mr. Cohen informed them that if there is already one group in the store when they come, they will be asked to leave and they may come back in half an hour.

25.     Ms. Davis asked why they could not be there because she would support the individuals with any needs they may have.  Ms. Gallison asked what the reasoning was that the group could not shop at their leisure.  Mr. Cohen made reference to times when groups of individuals with disabilities were in the store, were disruptive and made messes in the bathrooms that his staff had to clean up.  Both Ms. Gallison and Ms. Davis said that the Plaintiffs did not need the assistance of Big Al's staff and that they will assist with any needs that may arise.

26. Mr. Cohen asked how many people they had with them today. Ms. Davis said that they have two staff and three individuals. Mr. Cohen said that his staff did not have time to assist their people.

27. Ms. Gallison commented to Mr. Cohen that the way in which he was directing them to access his establishment and the words that he was using sounded like discrimination. Mr. Cohen became confrontational. He turned to Ms. Gallison and said that he would like to report her to her director. He asked Ms. Gallison for the name of the agency she works for, her supervisor's name, her name and a contact number. Ms. Gallison gave Mr. Cohen this information and he appeared to write it down.

28. A female Big Al's employee came from behind the cash register and said that they do not have to leave today but next time they need to limit access to one group at a time. Ms. Gallison said that it is her job to support her group and that it was unfair to judge many based on the actions of others. Ms. Gallison said there was no way of knowing if another group is in the building and she asked Mr. Cohen if he had a sign that stated these rules clearly so others would know what to expect. Mr. Cohen responded by saying that Ms. Gallison avoided giving him the contact information he requested.

29. At this point, Ms. Bowker and another individual with a disability had expressions of frustration on their faces.

30. Because of the treatment that the group received, they left the store.

31 The opportunity for every individual to have equal access to places of public accommodation without discrimination because of physical or mental disability is a civil right.

32. At all relevant times, Defendants directly or indirectly denied and/or withheld the full and equal enjoyment of its facility, advantages, goods, services and privileges to each of the Plaintiffs on account of their disabilities, perception of disability and record of disability.

33. At all relevant times, Defendants discriminated against Plaintiffs in the price, terms or conditions upon which access to Defendants' facility, goods, services and privileges may depend.

34. At all relevant times, Defendants imposed eligibility criteria that screened out or tended to screen out individuals with a disability or any class of individuals with disabilities from fully and equally enjoying goods, services, facilities, privileges, advantages, or accommodations being offered.

35. At all relevant times, Defendants failed to take steps to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

36. At all relevant times, Defendants communicated notice to the effect that any of the accommodations, advantages, facilities and privileges of Big Al's are refused, withheld from or denied to Plaintiffs on account of their physical and/or mental disabilities.

37. At all relevant times, Defendants communicated and provided notice to the effect that the patronage or custom of persons with disabilities is unwelcome, objectionable or not acceptable, desired or solicited and that the clientele is restricted.

38. At all relevant times, Defendants unlawfully discriminated against Plaintiffs because of their disabilities by limiting, segregating and classifying Plaintiffs in a way that adversely affects their opportunities because of their disabilities.

39. As a result of Defendants' unlawful discrimination against Plaintiffs, Plaintiffs' access to a public accommodation was limited.

40. Defendants unlawfully discriminated against Plaintiffs with malice or reckless indifference to their state and federally protected rights.

41. Defendants' conduct constitutes knowing and willful violations of Plaintiff's rights.

42. Plaintiffs have no plain, adequate, or complete remedy at law to fully redress the wrongs alleged, and they will continue to suffer irreparable injury from their treatment by Defendants unless Defendants are enjoined by this Court.

### COUNT I: MHRA

43. Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 though 42 as if fully set forth herein.

44. Unlawful discrimination has occurred within the meaning of the MHRA.

### COUNT II: AMERICANS WITH DISABILITIES ACT

45. Plaintiffs repeat and reallege each of the allegations set forth in paragraphs 1 through 44 as if fully set forth herein.

46. Unlawful discrimination has occurred within the meaning of the ADA.

### PRAYER FOR RELIEF

47. Wherefore, Plaintiffs respectfully requests that the Court grant the following relief:

(a) Enter judgment in their favor;

(b) Declare the conduct engaged in by Defendants to be in violation of Plaintiffs' rights;

(c) Enjoin Defendants, their agents, successors, employees, and those acting in concert with Defendants from continuing to violate the rights of Plaintiffs;

(d) Order Defendants to participate in training on their obligations under the ADA and the MHRA;

(e) Award Plaintiffs civil penal damages under the MHRA;

(f) Award Plaintiffs equitable relief;

(g) Award Plaintiffs nominal damages under the MHRA;

(h) Award Plaintiffs prejudgment interest; and

(i) Grant to Plaintiffs such other and further relief as may be just and proper.

Dated:     May 19, 2010

_____
/s/  Kristin Aiello, Esq.


_____
/s/  Sean Ociepka, Esq.
Attorneys for Plaintiff

**Disability Rights Center of Maine, Inc.**
24 Stone Street
P. O. Box 2007
Augusta, Maine  04338-2007
207 626 2774, ext 223